IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> SUMMIT ENVIRONMENTAL TECHNOLOGIES, INC., <br><br> Defendant. | CIVIL ACTION NO: <br><br> COMPLAINT AND <br> JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Charging Party Lisa Jurich ("Charging Party Jurich") who was adversely affected by such practices. The United States Equal Employment Opportunity Commission (the "EEOC" or "Commission") alleges that Defendant Summit Environmental Technologies, Inc. ("Defendant") discriminated against Charging Party Jurich in violation of Title VII when it retaliated against her by terminating her employment because she opposed sex-based wage discrimination.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), § 2000e-5(f)(1) and (3), § 2000e-5(f)(1) and (3) of Title VII, and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Ohio.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Summit Environmental Technologies, Inc. has continuously been an Ohio corporation doing business in the State of Ohio and the City of Cuyahoga Falls, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Charging Party Jurich filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Charging Party, who was employed by Defendant as a Lab Technician, engaged in protected activity when she opposed and complained about wage discrimination and, more specifically, about Defendant paying Charging Party less than males because of gender.

8. Since at least August 2009, Defendant has engaged in unlawful employment practices at its Cuyahoga Falls, Ohio facility, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). The unlawful employment practices include, but are not limited to, the following:

a. Charging Party engaged in protected activity as defined by Title VII when she complained that Defendant was paying her less money than male Lab Technicians because of gender.

b. On August 25, 2009, Charging Party complained to Defendant's manager Cecilia Markovich that she believed Defendant was discriminating against her because the company was paying male Lab Technicians a higher hourly rate than Charging Party was earning.

c. On August 25, 2009, Charging Party also reported her concerns about sex-based wage discrimination to the company's president, Mohammed Osman.

d. On August 26, 2009, Osman approached Charging Party and chastised her for having complained about discrimination. Osman suggested that Charging Party take unpaid leave to reconsider her "attitude." Charging Party declined to take unpaid leave and advised Osman that she would report for work the following day.

e. On August 27, 2009, Osman approached Charging Party and, again, criticized her for having complained about discrimination. Osman made various remarks to Charging Party suggesting that she should not have complained about discrimination. When Charging Party repeated her concern that Defendant was discriminating against her because of gender, Osman replied that Charging Party could no longer work for Defendant because of her discrimination complaints. Osman then fired Charging Party.

f. Defendant fired Charging Party on August 27, 2009 because she engaged in protected activity by opposing and complaining about sex-based wage discrimination.

9. The effect of the practices complained of in Paragraph 8 above has been to deprive Charging Party Jurich of equal employment opportunities and otherwise adversely affect her status as an employee because she engaged in activity protected by Title VII.

10. The unlawful employment practices complained of in Paragraph 8 above were intentional.

11. The unlawful employment practices complained of in Paragraph 8 above were carried out with malice or with reckless indifference to the federally protected rights of Charging Party Jurich.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in retaliation.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for persons who engage in activity protected by Title VII, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Charging Party Jurich, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Charging Party Jurich.

D. Order Defendant to make whole Charging Party Jurich, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraph 8 above, including relocation expenses, job search expenses, and medical expenses not covered by the Defendant's employee benefit plan, in amounts to be determined at trial.

E. Order Defendant to make whole Charging Party Jurich by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in Paragraph 8 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay Charging Party Jurich punitive damages for its malicious and reckless conduct described in Paragraph 8 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Washington, DC

_____
Debra M. Lawrence
Regional Attorney

_____
Kate Northrup
Supervisory Trial Attorney
Baltimore, Maryland

/s/ *Solvita A. McMillan*
Solvita A. McMillan (0040011)
Senior Trial Attorney
EEOC Cleveland Field Office
AJC Federal Building – Suite 3001
1240 East 9th Street
Cleveland, Ohio 44199
solvita.mcmillan@eeoc.gov